IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

CARLA WILLIAMS,

    Plaintiff,

v.

HOSTESS BRANDS, LLC,

    Defendant.

Civil Action No.

JURY TRIAL DEMANDED

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Carla Williams ("Plaintiff" or "Ms. Williams"), by and through undersigned counsel, and files her Complaint for Damages against Defendant Hostess Brands, LLC ("Defendant"), and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages for Defendant's violation of her rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et. seq.* and the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.* ("ADA").

## JURISDICTION AND VENUE

### 2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 12117.

### 3.

Defendant does business in this judicial district.  Additionally, the unlawful employment practices alleged in this Complaint were committed within this district.  In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

### 4.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on May 11, 2021.

### 5.

On October 6, 2021, Plaintiff requested that the "Notice of Right to Sue" be issued with respect to her Charge.

## PARTIES

### 7.

Plaintiff is a female citizen of the United States of America and is subject to the jurisdiction of this Court.

### 8.

During the relevant time period, July 2019 through January 2021, Plaintiff was employed by Defendant.

### 9.

Defendant is licensed to conduct business in this district.

### 10.

Defendant employed Plaintiff during the relevant time period.

### 11.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

### 12.

Plaintiff is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq*., in that she had been employed with Defendant for more than 12 months and worked more than 1250 hours in the 12 months preceding her request for FMLA.

13.

Plaintiff is a female citizen of the United States of America and a resident of the State of Georgia and at all such times, Plaintiff was an "employee" of Defendant as defined under 42 U.S.C. § 12111(4).

14.

During all times relevant hereto, Defendant has employed fifty or more employees, within a 75-mile radius of Plaintiff's employment, for the requisite requirements under the FMLA.

15.

At all such times, Plaintiff was an "employee" of Defendant as defined under the ADA at 42 U.S.C. § 12111(4).

16.

During all times relevant hereto, Defendant had employed fifteen (15) or more employees for the requisite duration under the ADA. Defendant is therefore covered under the ADA in accordance with 42 U.S.C. § 12111(5).

17.

Defendant may be served with process via its Registered Agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

## FACTUAL ALLEGATIONS

18.

Defendant hired Ms. Williams in or about July 2019.

19.

In mid-January 2021, Ms. Williams began experiencing symptoms related to COVID-19.

20.

On January 19, 2021, Ms. Williams was sent home and told to get tested for COVID-19.

21.

HR instructed Ms. Williams not to return to work for ten (10) days.

22.

On or about January 20, 2021, Ms. Williams was tested for COVID-19.

23.

Ms. Williams tested positive for COVID-19.

24.

Ms. Williams emailed her positive COVID-19 test results to Defendant on January 23, 2021.

25.

Less than a week later, on January 28, 2021, while Ms. Williams was under quarantine, Defendant terminated her employment.

26.

Defendant claimed that Ms. Williams was terminated for violating its attendance policy, but this proffered explanation is pretextual.

27.

Defendant was aware that Ms. Williams had tested positive for COVID-19 and was under quarantine for the same at the time of her termination.

28.

But for Ms. Williams's disability status (i.e. positive COVID-19 diagnosis), perceived disability, and/or her request for an accommodation of the same (i.e. FMLA leave to quarantine), she would not have been terminated.

29.

Defendant failed to engage in the interactive process with Ms. Williams regarding her request for a reasonable accommodation, i.e. medical leave while she was under quarantine, even though doing so would not have been an undue hardship.

30.

Defendant terminated Plaintiff because she had a record of a disability and/or because it regarded her as disabled and/or because she engaged in protective activity and/or because she was entitled to the protections of the ADA and/or FMLA.

31.

Employees outside of her protected class, i.e. employees at her store who were not disabled and/or perceived as disabled and/or requiring FMLA leave and/or who had engaged in protected activity were treated differently, i.e. not terminated.

32.

Defendant did not terminate Plaintiff because her requests presented any actual undue hardship, but rather due to the financial greed of the company.

## **CLAIMS FOR RELIEF**

## **COUNT I:  DISABILITY DISCRIMINATION IN VIOLATION OF ADA**

33.

Plaintiff reincorporates by reference paragraphs 18-32.

34.

Plaintiff had a medical condition that limited one or more major life

activities.

35.

Plaintiff's mental health impairment is a "disability" within the meaning of the ADA, as amended.

36.

Defendant was aware of Plaintiff's disability.

37.

Defendant regarded Plaintiff as having a disability such that she is a person with a disability and/or perceived disability within the meaning of the ADA, as amended.

38.

Plaintiff has a record of having a disability and/or perceived disability such that she is a person with a disability within the meaning of the ADA, as amended.

39.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

40.

Defendant terminated Plaintiff's employment because of her disability, perceived disability, or record of having a disability.

41.

By terminating Plaintiff's employment because of her disability, perceived disability, or record of having a disability, Defendant violated the ADA, as amended.

42.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text for disability discrimination.

43.

Defendant treated other employees outside Plaintiff's protected class differently.

44.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of this violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.*, 42 U.S.C. 2000e et seq. and 42 U.S.C. section 1981A.

45.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

46.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her disability.

47.

As a direct and proximate result Defendant's violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

48.

As a result of Defendant's discriminatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

49.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

50.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

51.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## COUNT II:  FAILURE TO ACCOMMODATE IN VIOLATION OF ADA

52.

Plaintiff reincorporates by reference paragraphs 18-32.

53.

Plaintiff had a physical health impairment which limited one or more major life activities.

54.

Plaintiff's physical health impairment is a "disability" within the meaning of the ADA, as amended.

55.

Defendant was aware of Plaintiff's disability.

56.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

57.

Plaintiff was able to perform the essential functions of her job with a reasonable accommodation.

58.

Plaintiff requested that Defendant accommodate her disability by allowing her time off of work to quarantine.

59.

Upon receiving Plaintiff's request for an accommodation, Defendant failed to engage in the interactive process with Plaintiff regarding her request for a reasonable accommodation of her disability.

60.

Defendant refused to provide Plaintiff with reasonable accommodations, even though to do so would not impose an undue hardship.

61.

By refusing to accommodate Plaintiff, Defendant violated the ADA, as amended.

62.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's failure to accommodate Plaintiff's disability was undertaken in bad faith.

63.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and has otherwise adversely affected her status as an employee because of her disability.

64.

As a direct and proximate result Defendant's violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

65.

As a result of Defendant's discriminatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

66.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory

damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

67.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

68.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## COUNT III:  RETALIATION IN VIOLATION OF THE ADA, AS AMENDED

69.

Plaintiff reincorporates by reference paragraphs 18-32.

70.

Plaintiff had a physical health impairment which limited one or more major life activities.

71.

Plaintiff's physical l health impairment is a "disability" within the meaning of the ADA, as amended.

72.

Defendant was aware of Plaintiff's disability.

73.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

74.

Defendant terminated Plaintiff for requesting an accommodation for her disability and/or perceived disability.

75.

Plaintiff's request for an accommodation of her disability and/or perceived disability constitutes protected conduct under the ADA, as amended.

76.

Defendant retaliated against Plaintiff by terminating her employment on the basis of her request for an accommodation.

77.

Defendant terminated Plaintiff's employment within a close temporal proximity to Plaintiff's accommodation requests.

78.

Defendant's proffered reasons for terminating Plaintiff's employment are a pretext designed to hide Defendant's retaliatory motive.

79.

Defendant's retaliatory actions against Plaintiff were in violation of the ADA, as amended.

80.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

81.

As a result of Defendant's retaliatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

82.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory

damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

83.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

84.

Plaintiff thus seeks compensatory and punitive damages pursuant to 42 U.S.C. § 12111 *et seq.*

### **COUNT IV:  FMLA INTERFERENCE**

85.

Plaintiff reincorporates by reference paragraphs 18-32.

86.

Defendant is an 'employer' as defined by the FMLA.

87.

Plaintiff was an eligible employee under the FMLA.

88.

Plaintiff worked at least 1250 hours for Defendant within the 12 months preceding her request for medical leave pursuant to the FMLA.

89.

Plaintiff was employed by Defendant for more than 12 months.

90.

Plaintiff was employed by Defendant at a worksite with 50 or more employees within 75 miles of that worksite.

91.

Because Plaintiff was an eligible employee, Plaintiff was entitled to medical leave and other protections pursuant to the FMLA, 29 U.S.C. § 2601, et seq.

92.

Plaintiff had a medical condition that required Plaintiff to take time off work.

93.

Plaintiff had a serious medical condition as defined by the FMLA.

94.

Defendant received notice of Plaintiff's need for protected medical leave for her own serious medical condition on January 19, 2021, when she was sent home.

95.

Defendant terminated Plaintiff's employment as a result of her requests for medical leave, and/or to avoid having to accommodate Plaintiff's respective rights to protected medical leave.

96.

Defendant interfered with rights protected under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

97.

The effect of Defendant's actions has been to deprive Plaintiff of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due to her solely because of her right to leave under the FMLA.

98.

As a result, Plaintiff is entitled to both equitable and monetary relief for Defendant's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B) – including, but not limited to, back pay, front pay or reinstatement, liquidated damages, and attorneys' fees and costs of litigation.

## COUNT V:  FMLA RETALIATION

99.

Plaintiff reincorporates by reference paragraphs 18-32.

100.

Defendant is an 'employer' as defined by the FMLA.

101.

Plaintiff was an eligible employee under the FMLA.

102.

Plaintiff worked at least 1250 hours for Defendant within the 12 months preceding her request for medical leave pursuant to the FMLA.

103.

Plaintiff was employed by Defendant for more than 12 months.

104.

Plaintiff was employed by Defendant at a worksite with 50 or more employees within 75 miles of that worksite.

105.

Because Plaintiff was an eligible employee, Plaintiff was entitled to medical leave and other protections pursuant to the FMLA, 29 U.S.C. § 2601, et seq.

106.

Plaintiff had a medical condition that required Plaintiff to take time off work.

107.

Plaintiff had a serious medical condition as defined by the FMLA.

108.

Defendant received notice of Plaintiff's need for protected medical leave for her own serious medical condition on January 19, 2021.

109.

Defendant terminated Plaintiff's employment because of her request for medical leave, and/or to avoid having to accommodate Plaintiff's respective rights to protected medical leave.

110.

Defendant's termination of Plaintiff's employment was causally related to her attempt to exercise her rights to protected medical leave pursuant to the FMLA.

111.

Defendant's termination of Plaintiff's employment for alleged policy violations constitutes unlawful retaliation against Plaintiff for her attempt to

exercise her rights to protected medical leave under the FMLA, in violation of 29 U.S.C. §2615(a).

112.

As a direct and proximate result of Defendant's unlawful retaliation against Plaintiff, Plaintiff has been damaged and is entitled to the relief set forth in the Prayer for Relief below.

**<u>PRAYER FOR RELIEF</u>**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a)     General damages for mental and emotional suffering caused by Defendant's misconduct;

(b)     Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)     Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d)     Reasonable attorney's fees and expenses of litigation;

(e)     Trial by jury as to all issues;

(f)     Prejudgment interest at the rate allowed by law;

(g)        Declaratory relief to the effect that Defendant has violated

Plaintiff's statutory rights;

(h)        Injunctive relief of reinstatement, or front pay in lieu thereof,

and prohibiting Defendant from further unlawful conduct of the

type described herein; and

(i)        All other relief to which she may be entitled.

Respectfully submitted the 8th day of December, 2021.

**BARRETT & FARAHANY**

 s/ *Adian R. Miller*
Adian R. Miller
Georgia Bar No. 794647

*Attorney for Carla Williams*

1100 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
adian@justiceatwork.com